**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 11-81404-CIV-SEITZ/SIMONTON

COUPLING SOLUTIONS, LLC,,

Plaintiff,

vs.

PAUL ANTHONY DAVIDSON, and
COUPLING TECHNOLOGY LTD.,

Defendants.

## ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTIONS TO STAY DISCOVERY

This matter is before the Court on Defendant Coupling Technology Ltd.'s Motion to

Dismiss [DE-21], Defendant Paul Anthony Davidson's Motion to Dismiss [DE-24], Defendant

Coupling Technology Ltd.'s Motion to Stay Discovery Pending Decision on its Motion to Dismiss

[DE-34], and Defendant Paul Anthony Davidson's Motion to Stay Discovery Pending Decision

on its Motion to Dismiss [DE-38].   This case arises from agreements regarding patent

applications. The central issue is who owns the patent applications. The Complaint sets forth six

claims for declaratory judgment seeking declarations as to the ownership of the patent

applications, a claim for conversion, and a claim for breach of fiduciary duty. The Court held a

hearing on the Motions on April 5, 2012, at which it heard testimony regarding Coupling

Technology's Motion to Dismiss. Based on the evidence presented at the hearing, the Court lacks

personal jurisdiction over Coupling Technology and, thus, its Motion is granted.  Defendant

Davidson's Motion is granted because Plaintiff has not adequately pled its claims against

Davidson.

## I. Facts[1]

*The Parties*

Defendant Davidson is a citizen of the United Kingdom, who, at the relevant times, lived and worked in south Florida. Davidson, an inventor, is the majority shareholder of Defendant Coupling Technology. Coupling Technology is a United Kingdom company, registered to do business in the United Kingdom, with its principal place of business in the United Kingdom. Coupling Technology does not have any offices in the United States and does not have any vendors, employees, or customers in the state of Florida. Coupling Technology owns the intellectual property rights to a number of inventions and is working to commercialize those inventions. Plaintiff is a Florida limited liability company formed in January 2011.

*Davidson's Relationship With Coupling Technology*

The shareholders of Coupling Technology are Davidson, Philip Holden, and Stephen Conn. While Davidson is the majority shareholder of Coupling Technology, according to Coupling Technology's annual report, Holden and Conn are the directors of the company. Davidson is not an officer or director of Coupling Technology. As a shareholder, Davidson does not have any control over the day-to-day operations of the company.

On February 15, 2010, Davidson and Coupling Technology executed a consulting agreement (the Consulting Agreement), whereby Davidson is to provide services relating to the

---

[1]The facts are based on the Complaint, declarations submitted by the parties, the Exhibits admitted at the hearing and now filed in the Docket, and the testimony of Joseph Parisi, Nixon Fleurimond, and Philip Holden, which was given at the April 5, 2012 hearing.

development and exploitation of intellectual property.[2] According to the terms of the Consulting Agreement, Davidson is an independent contractor and has no authority to bind Coupling Technology. *See* DE-46-1 at ¶¶ 3.9 and 6.1 Furthermore, the Consulting Agreement prohibits Davidson from holding himself out as an employee or agent of Coupling Technology. *See id.* at ¶ 6.1. Coupling Technology has never given Davidson the authority to represent himself as an agent of the company or to enter into contracts on its behalf. Under the Consulting Agreement, Davidson has assigned all of his rights in any existing and any future intellectual property developed by Davidson to Coupling Technology. *See id.* at ¶ 9.1. Thus, Coupling Technology owned all rights that Davidson had in any of his inventions relating to coupling mechanisms.

### *Davidson's Dealings With the Parisis*

In the fall of 2010, Davidson approached Plastimold, a local manufacturing business, about producing a coupling mechanism which Davidson had invented. Plastimold was managed by Anthony and Joseph Parisi. Davidson showed the Parisis the patent for the device, which the Parisis knew was owned by Coupling Technology. Davidson represented that he was 70% owner of Coupling Technology and would be able to work with Plastimold. Davidson also showed the Parisis the Coupling Technology website which had Davidson's picture on it and indicated that Davidson was the inventor. Although Joseph Parisi testified that he never saw the "Contact Us" portion of the website, that page of the website listed email addresses for Stephen Conn and Philip Holden. *See* DE-46-11. The website did not list Davidson as a person to contact at the company. *See id.*

---

[2]The Consulting Agreement was submitted as Coupling Technology's Exhibit 1 at the hearing and is filed at 46-1.

After looking at the design, Joseph Parisi determined that the invention would not work for its intended purpose. As a result, Davidson and Parisi agreed to work together to perfect the design of the coupling mechanism. Ultimately, several patent applications were filed in the United Kingdom and United States based on various versions of the coupling mechanism developed by Davidson and Parisi. During the course of the work on the coupling mechanism, Davidson executed several documents purporting to assign the patent applications to Plaintiff. The first assignment was executed on January 14, 2011, *see* DE-1-4, the second was executed on February 7, 2011, *see* DE-1-5, and the third was executed on March 10, 2011, *see* DE-1-6. The documents were all executed by Davidson in his individual capacity and make no reference to any rights of Coupling Technology. Around the time the assignments were executed, in February or March of 2011, the Parisis came to realize that Davidson "was a man who told stories." Despite this, the Parisis continued to deal with Davidson.

Sometime in late 2010, Davidson notified Coupling Technology that some investors[3] might be interested in buying Coupling Technology or its assets, including the rights to the pipe coupling invention. At that point, on January 14, 2011, Philip Holden contacted the investors' representative by email to make it clear that the investors had to deal with him and Coupling Technology. *See* DE-46-2. Attached to the email was a non-disclosure agreement which made it clear that Coupling Technology owned the rights in the coupling device. *See id.* The investors, along with the Parisis, ultimately formed Plaintiff, Coupling Solutions, LLC on January 24, 2011. *See* DE-46-9. Holden, by emails dated July 11, 2011 and July 13, 2011, contacted the investors several more times to reiterate that Coupling Technology owned the inventions and that he was

---

[3]The investors were Bill Sands, Blake Stevenson, and Tom O'Donnell.

the person to deal with at Coupling Technology. *See* DE-46-4. In July 2011, negotiations between the investors and Davidson and Coupling Technology fell apart. By that time, the Parisis also knew that Davidson was not authorized to act on behalf of Coupling Technology or to assign its patents. Once negotiations failed, this lawsuit followed.

*Service of Process*

Plaintiff served Coupling Technology by serving Davidson. The affidavit of service states that it was served on Davidson "as Owner" of Coupling Technology. When Davidson was served he told the process server that he was the owner of Coupling Technology. However, the address at which he was served was Davidson's residence. There was nothing to indicate that the address at which Davidson was served was related in any way to Coupling Technology.

## II. Discussion

### A. Coupling Technology's Motion to Dismiss is Granted

Coupling Technology moves to dismiss on four grounds: (1) improper service; (2) lack of personal jurisdiction; (3) lack of subject matter jurisdiction; and (4) failure to state a claim. Because Coupling Technology was not properly served and the Court lacks personal jurisdiction over Coupling Technology, the Motion to Dismiss is granted.

Coupling Technology first argues that it was not properly served. Plaintiff served Coupling Technology by serving Davidson, as the owner of Coupling Technology. While Davidson is the majority shareholder of Coupling Technology, he is not a director or officer, as shown by the Annual Report submitted into evidence. Coupling Technology, through the testimony of Philip Holden, established that Davidson is not a general agent or business agent and does not have authority to accept service on behalf of Coupling Technology. Furthermore, at the

time Davidson was served, Plaintiff knew that Davidson was not authorized to act on behalf of Coupling Technology.   Consequently, service on Davidson was not service on Coupling Technology.

Coupling Technology also argues that the Court does not have personal jurisdiction over it because it does not transact business in Florida.  Plaintiff asserts that Davidson is the majority shareholder and transacts business in Florida on behalf of Coupling Technology. Under Florida's long-arm statute, a person must personally or through an agent do an act within this state, in order for personal jurisdiction to exist. Fla. Stat. § 48.193(1).  Plaintiff argues that specific jurisdiction exists because Coupling Technology's consultant, Davidson, committed tortious acts in Florida. However, in order to establish specific jurisdiction, Plaintiff must show that Davidson was in fact Coupling Technology's agent.

Based on the evidence currently before the Court, Coupling Technology has not conducted any business in Florida and Davidson was not its agent.  While the Complaint alleges that Davidson was authorized to act on behalf of Coupling Technology, the evidence before the Court does not support this conclusion: (1) the signed agreements attached to the Complaint are all executed by Davidson as an individual and do not mention Coupling Technology; (2) the declaration of Philip Holden and his testimony establish that he and Stephen Conn are the directors of Coupling Technology and run the company on a day-to-day basis; (3) Davidson's Consulting Agreement prohibits him from acting on behalf of Coupling Technology without written authorization; (4) the Consulting Agreement also prohibits Davidson from representing himself as an employee or agent of Coupling Technology; (5) there is no evidence that Coupling Technology authorized Davidson to act on its behalf; (6) Plaintiff's investors were advised by

email that they must deal with Holden in their business negotiations; and (7) Coupling Technology's website listed Holden and Conn, not Davidson, as the people to contact regarding the company. Thus, Plaintiff has presented no evidence that Davidson was an agent of Coupling Technology. If Davidson was not an agent of Coupling Technology, then there is no evidence that Coupling Technology ever transacted any business in Florida. Consequently, the Court lacks personal jurisdiction over Coupling Technology.

*Davidson's Motion to Dismiss is Granted With Leave to Replead*

Davidson moves to dismiss all counts of the Complaint for failure to state a cause of action upon which relief can be granted. The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. Plaintiff's

1m

Complaint does not meet the pleading requirements of *Iqbal* and *Twombly*. Consequently, Davidson's Motion is granted and Plaintiff may file an amended complaint as to Defendant Davidson.

Accordingly, it is

ORDERED that

1. Defendant Coupling Technology Ltd.'s Motion to Dismiss [DE-21] is GRANTED. Defendant Coupling Technology is DISMISSED with prejudice for lack of personal jurisdiction.

2. Defendant Paul Anthony Davidson's Motion to Dismiss [DE-24] is GRANTED. Plaintiffs shall file an Amended Complaint by **April 25, 2012.**

3. Defendant Coupling Technology Ltd.'s Motion to Stay Discovery Pending Decision on its Motion to Dismiss [DE-34] is DENIED as moot.

4. Defendant Paul Anthony Davidson's Motion to Stay Discovery Pending Decision on its Motion to Dismiss [DE-38] is DENIED as moot.

DONE and ORDERED in Miami, Florida, this _12th_ day of April, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record