UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FILED by **AJS** D.C.

AUG 07 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. -- MIAMI

| | |
|---|---|
| **COUPLING SOLUTIONS, LLC,** a business entity organized under the Laws of the State of Florida, <br><br>        Plaintiff,<br><br>vs.<br><br>**PAUL ANTHONY DAVIDSON,** and **COUPLING TECHNOLOGY LTD.,** a United Kingdom Company<br><br>        Defendants. | CASE NO: 11-81404-CIV-SEITZ/SIMONTON<br><br>RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS 1-5) TO DEFENDANT |

---

Responding Party: PAUL ANTHONY DAVIDSON, and COUPLING TECHNOLOGY LTD, Defendants

First Set of Interrogatories (Nos. 1-5)

Requesting party: COUPLING SOLUTIONS, LLC, Plaintiff

PAUL ANTHONY DAVIDSON, and COUPLING TECHNOLOGY LTD. (hereinafter referred to as CTL), the defendants in the above cause, responds as follows to the First Set of Interrogatories Nos. 1-5 of the plaintiff, COUPLING SOLUTIONS, LLC (hereinafter referred to as CSL):

1) I, Paul Davidson invented the coupling in October 2010 and patented in November of that same year in the United Kingdom. The first patent developed with parallel sides which were done many years before meeting the Plaintiff. The defendant later decided to invent another patent with tapered and conical sleeves to protect the first patent from being impersonated later.

2) I do contend that the Assignment attached as Exhibit A is invalid, void or not enforceable. The assignment was signed as part of the purported sale and purchase agreement but not to be executed upon until such time as the financial deal was done the documents were to be held in escrow not to be executed until, shares were given to me in Coupling Solutions LLC 35% and a payment to Coupling Technology for the patents in accordance with a letter addressed to Stephen Conn, and the Consultancy Agreement agreed by all parties formalized. The patent assignments were executed fraudulently by Parisi's, Coupling Solutions and others.

3) As aforementioned, I originally had a consultancy agreement with CTL which was shown to the Parisi's, CSL and others. My consultancy agreement with CTL provided among other things a Bentley motor car and $20,000 as a consultancy fee. A deal was struck where my CTL consultancy agreement would have been taken over by CSL, a deal which would have given me, inter alia, $30,000 a month as a consultancy fee, a Porsche Carrere convertible 4s, $10,000 a month towards rent, health care coverage, and organizing work permits for me to work in the United States.

To date, a deposit was paid for $10,000 for a house for one month but the deal did not complete. I did stay with Anthony Parisi for a short time while they sorted an apartment in Worthing's Place. CSL wrote a check to Worthing's Place for the first, last and security deposit and they paid the rent for 6 months at $2,650.00 per month. I also received $35,000 over a 6 month period paid in cash of which $12,000 was a purported loan in lieu of consultancy payment while all the details of the agreement was being sorted out.

4) I have no drawings, sketches, prototypes or any other documents in my possession. CTL and CSL have all the drawings in their possessions.

5) From memory, I did not meet Anthony Parisi until October 2010. I met Joe Parisi in November 2010 as he was in China I believe working on a Christmas tree product. I did not meet Tom O'Donnell until January 2011 and Lynrow Associates, LLC was a shareholder in CSL which was not formed until January 2011.

At first, the relationship was for the Parisi's to make a 2inch coupling, run some products and pressure test the product. I paid $3,500.00 on my visa card to Joe Parisi's company ITREE, as his other company, PLASTIMOLD did not have the ability to take direct debit payments.

In December 2010 I was introduced to Bill Sands who set up a meeting with Blake Stevenson and Tom O'Donnell in late January 2011. A deal was agreed in the form of a manuscript note where my consultancy agreement with CTL was replaced as mentioned above and taken over by CSL. This agreement

was also to provide enough money per month to CSL to pay me and to pay for tooling. The cash burn was about $160,000 a month which was to run CSL, which covered paying the Parisi's. CSL also paid the Parisi's out of the $160,000.

I had an opportunity to look at bank statements in the first month and uncovered that almost $10,000 was used for personal items which Bill Sands put on the CSL credit cards. I reported this to Tom O'Donnell who did nothing about this discrepancy. The aforementioned agreement was over a six month period for $160,000 a month. The officers of the CSL spent all the money one way or the other on themselves or unrelated items. There were huge amounts of money taken out of CSL account over a period of time.

CSL officers never made any tooling. They pretended they made a website which in actual fact they used CTL's website and stuck their name on it without any written or verbal approval from the officers of CTL. Further, the officers of CSL also used a power point created by CTL and put CSL name on it. CSL executed documents such as patent assignments and tried selling to others when they had no authority to do so.

CSL and its officers were always in touch with the officers and directors CTL. CSL was supposed to purchase patents from CTL for $15,000,000 and was supposed to get 35% of CSL personally from this transaction.

As one would expect, the relationship started to break down because I was not paid in accordance with the manuscript note and CSL and or its officers stole Blake Stevenson's money.

Verification

I, PAUL ANTHONY DAVIDSON, and COUPLING TECHNOLOGY LTD., am the Defendant in the above cause of action. I have read the First Set of Interrogatories (Nos. 1-5) propounded to me by the plaintiff, COUPLING SOLUTIONS, LLC, and have indicated my Response to the request. Based on my knowledge, the responses to plaintiff's requests are true.

I declare under penalty of perjury under the laws of the
State of Florida that the foregoing is true and correct.

Dated: 2nd August, 2012.

_____
[Signature]
Responding Party