UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 11-81404-CIV-SEITZ/SIMONTON

**COUPLING SOLUTIONS, LLC**, a business entity organized under the Laws of the State of Florida,

        Plaintiff,

vs.

**PAUL ANTHONY DAVIDSON,**

        Defendant.

## MOTION TO STRIKE PLEADINGS AND ENTER DEFAULT AGAINST DEFENDANT FOR FAILURE TO PARTICIPATE IN MEDIATION

Plaintiff Coupling Solutions, LLC, through counsel, moves this Court to strike Defendant Paul Davidson's ("Defendant") pleadings and enter a default against him for his refusal to participate in mediation, and in support thereof states as follows:

1. Southern District of Florida Local Rule 16.2(d)(1) specifies that all civil cases (except those listed in Local Rule 16.2(c)) shall be referred to mediation. Accordingly, on April 11, 2012, this Court entered an Order requiring the parties to conduct mediation by October 5, 2012. (Dkt. No. 49). This Order further required the parties to agree on a mediator and file a Notice of Selection of Mediator within fourteen (14) days from the date of the Order, and submit a proposed order scheduling mediation within sixty (60) days. (Dkt. No. 49).

2. On April 25, 2012, Defendant's then-counsel proposed Attorney Harry R. Schafer as the potential mediator, and the Notice of Selection of Mediator was timely filed on the same

day.  (Exhibit A; Dkt. No. 54).  Likewise, on May 24, 2012, Defendant's counsel agreed to hold mediation on September 6, 2012.  (Exhibit B).

3. On June 4, 2012, Defendant's counsel informed Plaintiff that it would be moving to withdraw from the case, and that Defendant was going to proceed *pro se*.  Shortly thereafter, on June 5, 2012, Defendant's counsel moved to withdraw, stating in its motion that Defendant had been advised of his mediation obligations.  (Dkt. No. 63).  The same day, Plaintiff also submitted the previously agreed to proposed order scheduling mediation.

4. Also on June 5, 2012, this Court entered an "Order of Instructions to *Pro se* Litigant" that summarized the rules Defendant was to follow, including the Local Rules for the Southern District of Florida.  (Dkt. No. 59).  The Court cautioned Defendant that his failure to comply with the federal and local rules may result in sanctions.

5. On June 6, 2012, this Court entered the parties' proposed order scheduling mediation to occur before Harry R. Schafer on September 6, 2012.  (Dkt. No. 62).  On June 7, 2012, this Court granted Defendant's counsel's motion to withdraw.  (Dkt. No. 64).

6. On August 21, 2012, the mediator's office contacted both parties to remind them of the mediation and the deadline for the mediation statements, at which point Defendant stated that he did not want to mediate the case and objected to the very mediator his counsel had suggested. (Exhibit C).  Defendant then apparently called the mediator's office and repeated that he had no intention of attending the mediation, despite the fact that both his previous counsel and the mediator's office had informed him that the mediation was ordered by the Court. (Exhibit C). Defendant subsequently wrote a threatening email[1] to Plaintiff's counsel stating, among other things, that "THE MEADIATION [sic] HAS BEEN CANCELLED ………….. 'WHATS [sic]

---

[1] Defendant has threatened the undersigned counsel and law firm with "reporting" to the Florida Bar, and has further threatened to turn over his collection of emails to the police, accusing Plaintiff of some form of undefined criminal conduct.

NEXT.'" (Exhibit D). Defendant is also refusing to be deposed, a point which Plaintiff is currently taking up with Magistrate Simonton. (Exhibit D). Defendant's willful refusal to comply with this Court's mediation Order is not his first refusal to follow Court rules. On August 22, 2012, this Court issued an Order to Defendant warning him that if he "continues to ignore Court Orders, the Court will strike Defendant's Answer and Affirmative Defenses and Enter a default against Defendant." (Dkt. No. 74).

7. Pursuant to Federal Rule of Civil Procedure 16, the Court may strike pleadings in whole or in part and /or enter a default judgment if a party fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(c). The Court may impose monetary sanctions for the purpose of punishing the parties for egregious behavior. *See Morris v. Buena Vista Corp.*, 2011 U.S. Dist. LEXIS 49836, *3 (M.D. Fla. May 10, 2011).

8. Failure to attend mediation in violation of a Court's Orders has been held to justify entry of a default judgment against an uncooperative party. *See Morris v. Buena Vista Corp.*, 2011 U.S. Dist. LEXIS 49831, **1-2 (M.D. Fla. March 31, 2011) *magistrate report adopted by Morris v. Buena Vista Corp.*, 2011 U.S. Dist. LEXIS 49836, * 3 (M.D. Fla. May 10, 2011). Indeed, it has been held that "even a non-lawyer should realize the peril to her case, when []he . . . ignores numerous notices, and fails to attend hearings and depositions. Even a non-lawyer should realize the need to communicate either with the court or with opposing counsel." *In Re: Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1307 (11th Cir. 2006) (*citing Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon v. Newsome*, 863 F.2d 835, 838 n.5 (11th Cir. 1989)).

9. In this case, Defendant has ignored at least four (4) Court Orders, two regarding selecting the mediator and scheduling the mediation (Dkt. Nos. 49 and 62) and two ordering him

to follow this Court's rules (Dkt. Nos. 59 and 74). Defendant has flatly refused to participate in mediation, as well as to schedule a deposition. Plaintiff seeks sanctions for Defendant's refusal to abide by this Court's Orders. "It is not the court's function to drag a party kicking and screaming through discovery." *Telectron, Inc. v. Overhead Door Corp.,* 116 F.R.D. 107, 134 citing *Carlucci v. Piper Aircraft Corp.*, 102 F.R.D. 472, 489 (S.D. Fla. 1984) *aff'd in part, rev'd in part,* 775 F.2d 1440 (11th Cir. 1985). Plaintiff contends that the conduct of Defendant evidences a desire to simply harass, accuse, and intimidate others, but all the while refusing to engage in the process, frustrating and delaying discovery. If Defendant has no respect for this Court's Orders or the Rules of the Court, this matter cannot be resolved fairly, justly and timely. As such, the only appropriate remedy is to strike Defendant's pleadings and enter default.

## **RELIEF SOUGHT**

Given Defendant's failure to follow the rules of this Court, Plaintiff seeks an Order:

a. Entering default and ultimately judgment in favor of Plaintiff;
b. Awarding attorneys' fees in an amount to be determined; and
c. Such other relief as this court deems just.

## **RULE 7.1(a)(3) CERTIFICATE**

The undersigned counsel has made reasonable efforts to confer with Defendant in a good faith effort to resolve the issues raised in this motion and has been unable to do so, as evidenced by Exhibit D.

Dated: August 29, 2012                    .   */s/Allison R. Imber*
                                              Brian R. Gilchrist, FL Bar No. 774065
                                              bgilchrist@addmg.com
                                              Ryan T. Santurri, FL Bar No. 015698
                                              rsanturri@addmg.com
                                              Allison R. Imber, FL Bar No. 44233
                                              aimber@addmg.com
                                              **Allen, Dyer, Doppelt, Milbrath**
                                              **& Gilchrist, P.A.**
                                              255 South Orange Avenue, Suite 1401
                                              Orlando, FL  32801
                                              Telephone:    407-841-2330
                                              Facsimile:    407-841-2343
                                              *Attorneys for Plaintiff*
                                              *Coupling Solutions, LLC*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on August 29, 2012, pursuant to the Court's Order concerning electronic service of discovery, a true and correct copy has been sent by e-mail transmission as indicated below.

                 */s/Allison R. Imber*
                 Allison R. Imber, FL Bar No. 44233

**SERVICE LIST**

Paul Anthony Davidson
theno1plumber@yahoo.com
paul@powerfixx.com
leroidacher@gmail.com
samstld@bellsouth.net
540 Mc Nab Road, Suite C
Pompano Beach, Florida 33060
Land line: 954-543-8471
Mobile:  424-362-6325

*Pro Se* Defendant