UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 11-81404-CIV-SEITZ/SIMONTON

**COUPLING SOLUTIONS, LLC**, a business entity organized under the Laws of the State of Florida,

        Plaintiff,

vs.

**PAUL ANTHONY DAVIDSON,**

        Defendant.

### REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE PLEADINGS AND ENTER DEFAULT (DKT. NO. 75)

Plaintiff Coupling Solutions, LLC ("Plaintiff"), through counsel, hereby replies to Defendant Paul Anthony Davidson's ("Defendant") Response to Motion to Strike Pleadings and Enter Default (Dkt. No. 80), and and in support thereof states as follows:

Despite Defendant's claims otherwise, he has refused to attend a mediation that was scheduled by his previous counsel with a mediator that was selected by his counsel. (*See* Dkt. No. 75-1). To say otherwise is an attempt to mislead the Court. Other than in his Response, Defendant has never offered to attend the mediation by any means, and flat-out refused to follow this Court's numerous Orders requiring mediation. (Dkt. Nos. 49, 59, 62).

Defendant's offer to attend via video teleconference is unavailing, and an unacceptable substitute for personal appearance at mediation. Southern District of Florida Local Rule 16.2(e) requires that all parties shall be present at mediation unless otherwise excused in writing by the Judge. The failure to personally attend mediation may be met with sanctions for good reason –

1

the best chance to resolve a dispute at mediation requires personal attendance and sincere effort. This Court's Order of Referral to Mediation requires each party to appear in person, and expressly forbids telephonic appearances. (Dkt. No. 49). This is in line with the fact that the "Court requires personal attendance at mediation conferences because this Court strongly believes that mediation conferences are most effective when attended personally, rather than telephonically," and "Court annexed mediation is a valuable tool for the parties to utilize in settling their disputes." *Rafer v. Pursley*, 2009 U.S. Dist. LEXIS 56703, * 1-2 (M.D. Fla. July 1, 2001) (citing *Pecoraro v. State Farm Fire and Cas. Co.*, 20008 U.S. Dist. LEXIS 110496, *1 (S.D. Miss. Aug. 13, 2008)); *see also Shah v. Centrum, Inc.*, 2012 U.S. Dist. LEXIS 109998, *3 (M.D. Fla. Aug. 7, 2012) (same). It has been held that the fact that parties are located "in a different location than the mediation conference is an insufficient reason to allow telephonic appearance at the mediation conference," especially as parties "have been required to attend mediation conferences in person under harsher circumstances." *Shah*, 2012 U.S. Dist. LEXIS at *2 (citing *Pecoraro*, 2008 U.S. Dist. LEXIS at *1) ("[t]his Court has denied other requests based on hardship, including one in which the Plaintiff lived in Bartlesville, Oklahoma, had limited financial means to travel to Mississippi for the mediation, was disabled to the point of being legally blind, did not have a driver's license, and her means of travel were limited"). Indeed, Defendant's alleged basis for refusal to personally attend mediation has no evidentiary support. Defendant has freely traveled since this action, fleeing the Southern District, allegedly staying in the Bahamas, allegedly traveling to Australia and recently claiming to be vacationing in Victoria, British Columbia.

Likewise, Defendant's objections to the mediator proposed by his counsel on the grounds that he is not certified are equally flawed, as Local Rule 16.2(a) provides that a mediation may

2

be presided over by anyone whom the parties agree upon to serve as a mediator. If Defendant had an objection to the present mediator, he should have voiced them to his previous counsel before the mediator was selected.

As for Defendant's discovery requests, Plaintiff points out that no coherent document request has ever been produced before September 13, 2012. Plaintiff will consider the recent document requests and will respond accordingly.

## RELIEF SOUGHT

Given Defendant's failure to follow the rules of this Court, Plaintiff seeks an Order:

a. Entering default and ultimately judgment in favor of Plaintiff;
b. Awarding attorneys' fees in an amount to be determined; and
c. Such other relief as this court deems just.

Dated: September 18, 2012 .  /s/Allison R. Imber
Brian R. Gilchrist, FL Bar No. 774065
bgilchrist@addmg.com
Ryan T. Santurri, FL Bar No. 015698
rsanturri@addmg.com
Allison R. Imber, FL Bar No. 44233
aimber@addmg.com
**Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.**
255 South Orange Avenue, Suite 1401
Orlando, FL  32801
Telephone:     407-841-2330
Facsimile:      407-841-2343

*Attorneys for Plaintiff*
*Coupling Solutions, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 18, 2012, pursuant to the Court's Order concerning electronic service of discovery, a true and correct copy has been sent by e-mail transmission as indicated below.

/s/Allison R. Imber
Allison R. Imber, FL Bar No. 44233

## SERVICE LIST

Paul Anthony Davidson
theno1plumber@yahoo.com
paul@powerfixx.com
leroidacher@gmail.com
samstld@bellsouth.net
540 Mc Nab Road, Suite C
Pompano Beach, Florida 33060
Land line: 954-543-8471
Mobile: 424-362-6325

*Pro Se* Defendant