# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEECH DIVISION

Case No. 11-81404-CIV-SEITZ/SIMOTON



FILED by JL D.C.
SEP 24 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**COUPLING, SOLUTIONS LLC, a business Entity organized under the Laws of the State of Florida**

    **Plaintiff**

**VS**

**PAUL ANTHONY DAVIDSON**

    **Defendant**

## DEFENDANT PAUL DAVIDSON - MOTION TO DISMISS COMPLAINT BY THE PLAINTIFF COUPLING SOLUTIONS LLC WITH COST AND DAMAGES

It is clear from the plaintiff's attorneys Alison Imber's statement in court today which she stated that, "this is a patent dispute the plaintiff is seeking to obtain the patent applications". There is no problem with the plaintiff having the patent applications providing they pay for them. As they have not paid for them they cannot reasonably expect a court to award them something that they have not purchased.

There is a huge amount of case law relating to patent ownership and inventorship which has historically been decided by the United States of America's Patent Courts. To hear this case in a United States District Court would be wrong and it would set a legal precedent to move patent disputes from the patent courts, where they belong and where the expertise to settle these disputes lies, to a court which is overly burdened with matters that fall within their remit and or jurisdiction. Furthermore the patent attorneys and the comptroller are well versed in both the arguments and the judgments. The plaintiff should have made it abundantly clear that they were not seeking a financial settlement and this case only related to patent ownership issues.

Exhibit A outlines the fundamental reasons for this being heard in the patent courts. Patents are very important in the United States of America, even referred to in the Constitution, and it is quite clear that this is a classic patent dispute relating to ownership and or inventorship of a patent application.

The patent courts when deciding ownership rely on numerous disclosures such as a sale and purchase agreement, assignments, proof of payment, and inventorship. The patent court, under the control of the comptroller, has a wide and varied experience in all patent issues and the patent attorneys have vast experience in cross examining would-be inventors, and how to prove who invented what and when. The patent courts and the patent attorneys have huge access to applications, patents, and inventors which enables them to provide a profile of an inventor and prove and decide who the most likely person to be an inventor. For example, if they look at two individuals, one who has applied for hundreds of patents in the pipe fitting industry, and one who has applied for one in the music industry, and the patent application was indeed for a pipe fitting, one of the deciding factors is history is likely to repeat itself and the case of inventorship would be decided very easily.

In many cases an inventor will seek the assistance of an engineering workshop. To this end all inventors get a non-disclosure agreement signed on behalf of his/herself or the company that holds the patent/ patent application and the engineering company and its employees that any improvements to the invention belong to the inventor or the inventor's company. Of course, there is a non-disclosure agreement signed by Parisi.

It should be noted that this complaint /action is being bought by a company of straw Coupling Solutions and financed by one or all of it officers.

## RELIEF SOUGHT

For the foregoing reasons, defendant Paul Antony Davidson respectfully requests that the Court dismiss all counts of the complaint with prejudice and,

a. Award attorneys' fees in an amount to be determined and,

b. Award damages in relation to lost opportunity to exploit and/or sell the IPR for two years, amount to be determined by an actuary who can statistically analyze probability in relation to what the patent application is worth or predict accurately if traded what profit it would make in the last two years of the patent prior to its expiration and,

c. Join the participating parties together, joint and severally in relation to liability awarded by the court in relation to cost and damages or,

d. Compel the Plaintiff (Coupling Solutions LLC) joint and severally with the officers of the company to complete the deal/transaction as highlighted in the manuscript note and the offer of $15,000,000 in the e-mail to Stephen Conn a director of Coupling Technology Ltd.

3.

Dated: September 20, 2012.

Paul A. Davidson  
404-1630 Quadra Street  
Victoria, BC  
V8W 3J5  
CANADA  
Telephone: 250-294-6787  
Mobile: 250-686-7977

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 19, 2012, pursuant to the parties' agreement concerning electronic service of discovery, a true and correct copy has been sent by e-mail transmission to all counsel of record on the service list below.

/s/Paul A. Davidson  
Paul A. Davidson

## SERVICE LIST

/s/Brian R. Gilchrist  
Brian R. Gilchrist, FL Bar No. 774065  
bgilchrist@addmg.com  
Ryan T. Santurri, FL Bar No. 015698  
rsanturri@addmg.com  
Allison R. Imber, FL Bar No. 44233  
aimber@addmg.com  
**ALLEN, DYER, DOPPELT,**  
**MILBRATH & GILCHRIST, P.A.**  
255 South Orange Avenue, Suite 1401  
Post Office Box 3791  
Orlando, FL 32802-3791  
Telephone: 407-841-2330  
Facsimile: 407-841-2343  
*Attorneys for Plaintiff*  
*Coupling Solutions, LLC*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-81404-CIV-SEITZ/SIMONTON

COUPLING SOLUTIONS, LLC,

      Plaintiff,

v.

PAUL ANTHONY DAVIDSON and
COUPLING TECHNOLOGY LTD.,

      Defendants.
_____/

## DEFENDANT PAUL ANTHONY DAVIDSON'S
## REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS

Defendant Paul Anthony Davidson ("Davidson") respectfully submits this Reply Memorandum of Law in support of his Motion to Dismiss all counts of the Complaint filed by Plaintiff Coupling Solutions, LLC pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. INTRODUCTION

Plaintiff's Opposition serves only to confuse the legal bases for each claim. First, with respect to Counts I-VI, seeking declarations of ownership of patent applications, Plaintiff wrongly suggests, without any legal authority, that declaratory judgment jurisdiction over pending patent applications is proper when the declaration sought is one of ownership. Regarding its ill-pled conversion claim in Count VII, Plaintiff refers the Court to a cluster of seventeen paragraphs of the Complaint, none of which form the basis for a single claim for conversion upon which relief may be granted. Finally, Plaintiff argues – against the weight of the law – that the economic loss rule does not bar its breach of fiduciary duty claim in Count VIII, because Plaintiff did not allege a breach of contract or even a contractual relationship with

Case 9:11-cv-81404-PAS Document 88 Entered on FLSD Docket 09/24/2012 Page 7 of 11
Case 9:11-cv-81404-PAS Document 31 Entered on FLSD Docket 03/19/2012 Page 2 of 7

CASE NO.: 11-81404-CIV-SEITZ/SIMONTON

Defendant Davidson. As each of the claims pleaded by Plaintiff in its Complaint is legally deficient, all counts of Plaintiff's Complaint should be dismissed.

## II. ARGUMENT

### A. Declaratory Judgment Jurisdiction Cannot Be Found Over Pending Patent Applications

A declaratory judgment plaintiff must identify "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Because the content and subject matter of a pending patent application are subject to change during the application process, assessing the scope of the patent claims that might ultimately issue from that application, including a determination of ownership and inventorship rights with respect to those patent claims, is entirely speculative. Jurisdiction cannot and does not lie when the declaratory judgment plaintiff seeks "an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune*, 549 U.S. at 127 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). Thus, the Declaratory Judgment Act requires more than contesting a pending patent application; an issued and presently enforceable patent must be at stake. *GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 481-82 (Fed. Cir. 1996); *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 636 (Fed. Cir. 1991); *TriTeq Lock & Sec. LLC v. Innovative Secured Solutions, LLC*, No. 10 CV 1304, 2012 WL 394229, at *4 (N.D. Ill. Feb. 1, 2012); *Pfizer Inc. v. Ranbaxy Labs. Ltd.*, 525 F. Supp. 2d 680, 686 (D. Del. 2007).

Plaintiff's claim that the requirement of an issued and enforceable patent for declaratory judgment actions only pertains to actions seeking a declaration of noninfringement are without merit. Indeed, it is the fluid and speculative nature of the patent application process, not the type

2

Case 9:11-cv-81404-PAS Document 88 Entered on FLSD Docket 09/24/2012 Page 8 of 11
Case 9:11-cv-81404-PAS Document 31 Entered on FLSD Docket 03/19/2012 Page 3 of 7

CASE NO.: 11-81404-CIV-SEITZ/SIMONTON

of declaration sought, that leads to the finding that declaratory judgment jurisdiction cannot be had. In *Perryman v. Dorman*, No. CV-10-1800-PHX-FJM, 2011 WL 379313 (D. Ariz. Feb. 2, 2011), declaratory judgment counterclaims of ownership of pending patent applications – strikingly similar to Plaintiff's Counts I-VI – were dismissed for lack of jurisdiction:

> [D]efendants have not alleged how the disagreement about the ownership of the IP presents an immediate and real case and controversy. Patent applications are currently pending before the USPTO, and the agency will eventually make determinations about the ownership of the underlying IP. In the meantime, defendants make no allegations as to how plaintiff might be jeopardizing that process, or otherwise interfering with their use of the IP. In the absence of a threat of any real and immediate harm to defendants, there is no reason for us to rule on the ownership of the IP, an issue currently before the USPTO. Because defendants have not met their burden of presenting an actual case or controversy, we dismiss their counterclaim brought under the Declaratory Judgment Act.

*Perryman*, 2011 WL 379313, at *7. Counts I through VI of the Complaint should be dismissed for the same reasons.

### B. Plaintiff Has Failed To State a Claim for Conversion

Plaintiff complains that "to have Plaintiff allege every single instance of conversion would create a complaint that far exceeds the short and plain statement required." (Opp'n at 7.) Far from exceeding the statement required, the Complaint fails to allege even a single instance of conversion.

"[C]onversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." *Fresh Logistics, LLC v. Atlantis Foods, Inc.*, No. 08-81239-CIV, 2009 WL 2242608, at *3 (S.D. Fla. July 27, 2009) (quoting *Special Purpose Accounts Receivable Co-Op Corp. v. Prime One Capital Co.*, 125 F. Supp. 2d 1093, 1099-1100 (S.D. Fla. 2000)). For "the timing and manner" in which Defendants allegedly converted Plaintiff's property, Plaintiff refers the Court to paragraphs 8-24 of the Complaint, incorporated in Count VII for conversion. (Opp'n at 6.)

3

Case 9:11-cv-81404-PAS Document 88 Entered on FLSD Docket 09/24/2012 Page 9 of 11
Case 9:11-cv-81404-PAS Document 31 Entered on FLSD Docket 03/19/2012 Page 4 of 7

CASE NO.: 11-81404-CIV-SEITZ/SIMONTON

Within these paragraphs, Plaintiff accuses Defendants of two instances of conversion. First, Plaintiff alleges that Defendants "converted Design No. 1" and filed a patent application for it in the United Kingdom. (Compl. ¶ 12.) However, Plaintiff also claims that Defendants then "assigned the U.K. application (Design No. 1) to the joint venture." (Compl. ¶ 15.) Assuming all facts pleaded in the Complaint as true, as required on a motion to dismiss, this assignment moots the conversion claim. Indeed, it is nonsensical for Plaintiff to allege conversion of a patent application that it avers to own and control.

The second instance of conversion pleaded in the Complaint suffers from the same infirmity. Plaintiff alleges that Defendants converted the drawings for "Design No. 2" and used them to file another U.K. patent application, No. GB1107429.1. (Compl. ¶ 18.) Significantly, though, the U.K. Intellectual Property Office's database lists Coupling Solutions, LLC as the Applicant of this pending patent application. (*See* Ex. A.) Again, as Plaintiff is the named applicant for the very patent application it contends was converted, Plaintiff's claim must fail.

Plaintiff does not plead any other instances of conversion and has acknowledged its own assertion of control over the remaining patent applications at issue. Because Plaintiff has failed to state a single claim of conversion, Count VII should be dismissed.

### C. The Economic Loss Rule Bars Plaintiff's Claim for Breach of Fiduciary Duty

In Florida, the economic loss rule "is designed to prevent parties from ignoring 'the contractual relationship by bringing an action in tort.'" *Kaloe Shipping Co. v. Goltens Serv. Co.*, 778 F. Supp. 2d 1346, 1355 (S.D. Fla. 2011) (quoting *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 495 (Fla. 3d Dist. Ct. App. 1994)). To bring an action in tort, a party must show that the tort is independent from the contract. *Rushing v. Wells Fargo Bank, N.A.*, 752 F. Supp. 2d 1254, 1263 (M.D. Fla. 2010). "[T]he tort is independent if the plaintiff must prove facts

4

Case 9:10-cv-81404-PAS Document 88 Entered on FLSD Docket 09/24/2013 Page 10 of 11
Case 9:10-cv-81404-PAS Document 31 Entered on FLSD Docket 03/19/2012 Page 5 of 7

CASE NO.: 11-81404-CIV-SEITZ/SIMONTON

'separate and distinct from the breach of contract.'" *Id.* at 1264 (quoting *Auto-Owners Ins. Co v. Ace Elec. Svc., Inc.*, 648 F. Supp. 2d 1371, 1381 (M.D. Fla. 2009)).

Here, Plaintiff's breach of fiduciary duty claim asserts that Defendants are "claiming as their own the improvements and redesigns of the coupling mechanism, and attempting to secure for their own benefits rights in such designs." (Compl. ¶ 61.) This alleged tort has no independence from the assignment agreements proffered by Plaintiff. Plaintiff alleges that Defendants assigned to it rights in the patent applications at issue. The questions of ownership and benefits arise solely from the contested assignment agreements.

Plaintiff incorrectly argues that its failure to allege a contractual relationship or a breach of contract means that the economic loss rule does not bar its claim for breach of fiduciary duty. (Opp'n at 9.) However, a plaintiff does not have to allege breach of contract for the court to determine that contractual, rather than tort, claims apply. *Ginsberg*, 645 So. 2d at 495. Here, because Plaintiff's claims are based on the validity and enforceability of the assignment agreements and not on an independent tort, Plaintiff's claim for breach of fiduciary duty (Count VIII) must be dismissed.

### D. Plaintiff's Prayer for Attorneys' Fees and Costs (Counts I-VII) and Punitive Damages (Count VIII) Must Be Dismissed

Plaintiff failed entirely to respond to Davidson's motion to dismiss or to strike Plaintiff's claims for attorneys' fees and costs in Counts I through VII and the claim for punitive damages in Count VIII of the Complaint. (*See* Mot. at 9-10.) Accordingly, for the reasons stated in the motion to dismiss, and pursuant to Local Rule 7.1(c), Davidson respectfully requests that the Court dismiss and/or strike the claims for attorneys' fees in Counts I through VII of the complaint and dismiss and/or strike the claim for punitive damages in Count VIII. *See* Local Rule 7.1(c) ("Each party opposing a motion shall serve an opposing memorandum of law no later

5

Case 9:11-cv-81404-PAS Document 88 Entered on FLSD Docket 09/24/2013 Page 11 of 11
Case 9:11-cv-81404-PAS Document 31 Entered on FLSD Docket 03/19/2012 Page 6 of 7

CASE NO.: 11-81404-CIV-SEITZ/SIMONTON

than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default.").

## III. CONCLUSION

For the foregoing reasons, Defendant Paul Anthony Davidson respectfully requests that the Court dismiss all Counts of the Complaint.

Dated: March 19, 2012

Respectfully submitted,

s/ Edward A. Pennington
Edward A. Pennington
(*admitted pro hac vice*)
eap@murphyking.com
s/ John P. Moy
John P. Moy (*admitted pro hac vice*)
jpm@murphyking.com
MURPHY & KING, P.C.
1055 Thomas Jefferson Street, N.W.
Suite 400
Washington, D.C. 20007
Telephone: (202) 403-2100
Facsimile: (202) 429-4380

AND

s/ Janet T. Munn
Janet T. Munn, Fla. Bar No. 501281
Email: jmunn@rascoklock.com
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102

*Counsel for Defendant*
*Paul Anthony Davidson*

6