UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-81404-CIV-SEITZ/SIMONTON

COUPLING SOLUTIONS, LLC, a business entity organized under the Laws of the State of Florida,

Plaintiff,

vs.

PAUL ANTHONY DAVIDSON, and COUPLING TECHNOLOGY LTD., a United Kingdom company,

Defendants.

## ORDER GRANTING MOTION TO STRIKE PLEADINGS AND ENTER DEFAULT AND DENYING MOTION TO DISMISS

This matter is before the Court on Plaintiff's Motion to Strike Pleadings and Enter Default Against Defendant for Failure to Participate in Mediation [DE-75]. Plaintiff moves to strike Defendant's pleadings because Defendant failed to participate in Court ordered mediation and has failed to comply with Court orders, including the Court's Order of Instructions to *Pro Se* Litigant [DE-59] and the Court's Orders Striking Emails and Barring Defendant from Emailing Chambers Directly [DE-67 & 74]. Since Plaintiff filed its Motion, Defendant has continued to ignore Court orders, *see* DE-77, and has failed to provide the Court and opposing counsel with a Notice of Change of Address containing his contact information, including a postal mailing address, an email address, and a telephone number through which Defendant can be readily contacted for purposes of these proceedings, as repeatedly ordered by the Magistrate Judge, *see* DE-68 & 90. Further, Defendant has failed to comply with Federal Rule of Civil Procedure 11(a), which

requires all documents filed with the Court to be signed by the filing party or the party's counsel. *See* DE-87, 89, 93 & 96.

In his response, Defendant simply states that he did not agree to the mediator chosen by Plaintiff and Defendant's former counsel and that he has been unable to obtain a visa to enter the United States to attend the mediation. However, a review of the record does not indicate that Defendant ever filed any motion or other document seeking to change the mediator, that Defendant sought to reschedule the mediation in order to give himself time to obtain a visa, or that Defendant sought to attend the mediation by video conference. Additionally, Defendant has not shown that he has even attempted to obtain a visa.

Defendant's actions appear to be an attempt to thwart the judicial process. Defendant has blatantly ignored Court order after Court order. Federal courts have the inherent power to impose sanctions on parties. *In re Sunshine Jr. Stores, Inc.*, 456 F3d 1291, 1304 (11th Cir. 2006). "This power is derived from the court's need to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (internal quotation omitted). The key to unlocking a court's inherent power is a finding of bad faith. *Id.* "A party . . . . demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Id.* (citation omitted). Defendant's actions rise to the level of bad faith. Defendant has and continues to ignore Court orders. Despite numerous orders informing Defendant that he cannot email the Court directly, as recently as October 25, 2012, Defendant attempted to email documents to the Court. Further, despite Court order, Defendant refused to partake in Court ordered mediation. Defendant has also continued to ignore orders issued by the Magistrate Judge requiring Defendant to file with the Court proper contact information. Providing current contact information to the Court and to the

opposing party is vital the Court's ability to manage this case and to help the parties achieve an orderly and expeditious resolution of this matter. Defendant's actions have continually ignored Court orders and thwarted the Court's ability to manage this case. This is the definition of bad faith. Consequently, the Court finds that striking Defendant's pleadings and entering a default against Defendant is proper and appropriate under the circumstances.

Accordingly, it is

ORDERED that:

1. Plaintiff's Motion to Strike Pleadings and Enter Default Against Defendant for Failure to Participate in Mediation [DE-75] is GRANTED.

    a. Defendant's Pleadings are STRICKEN.

    b. Plaintiff shall file a Motion for Default Judgment by **December 17, 2012.**

2. Defendant's Motion to Dismiss Complaint [DE-88] is DENIED because Defendant previously filed an Answer and Affirmative Defenses.

3. Defendant's Motion Requesting a Hearing for Motion to Dismiss With Sanctions [DE-100] is DENIED as moot.

DONE and ORDERED in Miami, Florida, this 8th day of November, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record
       Paul Davidson via email at thenolplumber@yahoo.com